## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

JANE DOE,

                      Plaintiff,

v.

GRACE BAPTIST CHURCH,

                Defendant.

**COMPLAINT AND JURY DEMAND**

Civil Action No.  Case No.: 1:21-CV-0890 (BKS/DJS)

       Plaintiff Jane Doe ("Plaintiff" or "Victim") by and through her undersigned counsel, alleges the following:

### NATURE OF CLAIM

1.      This case is brought under the New York Child Victims Act (L 2019, ch 11) ("CVA"). It concerns the repeated acts of sexual abuse committed by Larry Hallock ("Pastor Larry Hallock") against Victim, who was a minor at the times of the sexual abuse.

2.      Those acts include conduct by Pastor Larry Hallock that would constitute a sexual offense as defined by, *inter alia,* New York Penal Law§§ 130.55, 130.80(l)(a), and 130.65(4).

3.      The subject abuse, which includes oral sex, fondling, forced sexual touching, and other sexual acts, occurred when Pastor Larry Hallock was employed by, working for, associated with, and on the premises of Grace Baptist Church.

4.      Upon information and belief, Pastor Larry Hallock was employed by Defendants as a youth pastor at Grace Baptist Church during the 2000's when the abuse the subject of this suit occurred.

### PARTIES

5.      Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth.

6.      At the time of the sexual abuse alleged herein, Victim was a minor, residing within the State of New York. Plaintiff currently resides in the Hellenic Republic of Greece.

7.      Defendant Grace Baptist Church was, and continues to be, a religious organization and a non-profit religious corporation duly organized and existing under, and pursuant to, the laws of the State of New York, and authorized to conduct business and conducting business in the State of New York, with its principal place of business at 612 4th Avenue, Troy, New York 12182.

## JURISDICTION  AND VENUE

8.      Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth herein.

9.      Plaintiff brings this complaint under 28 U.S.C. § 1332 as Plaintiff is a resident of Hellenic Republic of Greece, Defendant's principal place of business is in the State of New York, and the amount in controversy exceeds $75,000.

10.      Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), because Defendant maintains its principal place of business within this District.

## FACTS COMMON TO ALL COUNTS

11.      Defendant employed Pastor Larry Hallock as a youth pastor at Grace Baptist Church and assigned Pastor Larry Hallock control over its youth congregation, including Plaintiff.

12.      Defendant held itself out to be a religious institution where students, including minor Plaintiff, would be safe.

13.      Defendant controlled the premises of Grace Baptist Church and hired and supervised the pastors they assigned to the youth congregation, including Pastor Larry Hallock.

14.      Defendant knew and controlled the amount and type of time spent alone with Pastor Larry Hallock, Pastor Larry Hallock 's access to Plaintiff, and Pastor Larry Hallock 's ability

to molest Plaintiff.

15.     Pastor Larry Hallock sexually abused Plaintiff on a daily basis at Grace Baptist Church, before her morning paper route and during church sponsored events between 2000-2002 while Plaintiff was a member of the Grace Baptist Church Youth Group.

16.     The sexual abuse suffered by Plaintiff included sexual and emotional grooming, oral sex, fondling, and forced sexual touching.

17.     During the time Pastor Larry Hallock was sexually abusing Plaintiff, Plaintiff acquired a paper route. Pastor Larry Hallock would meet Plaintiff in the early morning before her route and engage in oral sex, fondling, and forced sexual touching.

18.     Pastor Larry Hallock would regularly supervise Grace Baptist Church youth trips and Sunday school services. During the aforesaid sponsored events, Pastor Larry Hallock would engage in oral sex, fondling, and forced sexual touching of the Plaintiff.

19.     During the time of the abuse, Pastor Larry Hallock's wife sent several letters to the plaintiff inquiring as to the inappropriate relationship between Pastor Larry Hallock and the Plaintiff. Further, in the aforesaid letters Pastor Larry Hallock's wife referenced that she had made the Grace Baptist Church leadership aware of her husband's relationship with the Plaintiff.

20.     Rather than inquire as to why Plaintiff was receiving letters from the Pastor Larry Hallock's wife, the church leadership did nothing. Later when the abuse came to light, they stated the Plaintiff had "lead him on". More, Grace Baptist Church leadership has stated because plaintiff didn't "cry for help" she was culpable for the abuse perpetrated upon her.

21.     Defendant is vicariously liable for the acts of Pastor Larry Hallock through the doctrine of *respondeat superior,* in addition to direct liability described here and below.

22.     As a direct and proximate result of Defendant's acts, omissions, negligence, gross

negligence and conduct described herein, Plaintiff sustained both physical and emotional injuries, including conscious pain and suffering; physical injuries to Plaintiff's body, including, but not limited to, headaches, nausea, loss of sleep and physical shock to the nervous system, as well as, injuries suffered at the times of the sexual abuse; loss of faith and mistrust of schools, educators, the Grace Baptist Church and its institutions; past, present, and future mental anguish, emotional distress, inconvenience, loss of enjoyment of life, humiliation, embarrassment, loss of self-esteem, disgrace, guilt and shame; past, present, and future physical pain and suffering; past, present and future medical expenses; past, present and future loss of earning capacity.

### FIRST CAUSE OF ACTION
### NEGLIGENCE

23.     Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth under this count.

24.     The allegations of fact and law above confirm that the Church had a special relationship and duty to intervene and protect Plaintiff consistent with the Restatement of Torts (Second), sec. 314 (A)(4) and sec. 320; and as more particularly described above regarding a person or entity who has exclusive custody or control of a minor.

25.     At all relevant times herein, Defendant held itself and its institutions out to be safe places for religious worship, spiritual development and growth, learning and education, and engaging in youth and/or community activities.

26.     Defendants explicitly and implicitly represented to Plaintiff, and the community, that all of its Pastors and staff members, including Pastor Larry Hallock, were benevolent and trustworthy stewards of the faith who would only act in the best interests of the children whom they served and granted Pastor Larry Hallock unfettered access to the minor children attending

the youth group, including Plaintiff.

27.     Defendant had and/or assumed a duty to provide a reasonably safe environment for Plaintiff and assumed the duty to protect and care for her.

28.     Pursuant to common law and the Restatement (Second) of Agency, § 219, Pastor Larry Hallock was acting as the agent of Defendant because while engaging in the wrongful acts with Plaintiff, Pastor Larry Hallock was in the course and scope of his employment acting as a youth pastor of Plaintiff and with Defendant; and/or was able to accomplish the sexual abuse because of his job-created authority and role as an agent of the Defendant.

29.     As such, Defendants are vicariously liable for the acts of Pastor Larry Hallock through the doctrine of *respondeat superior,* in addition to their direct liability described here and below.

30.     Defendant knew, or should have known, that there was an unreasonable risk of harm to children at Grace Baptist Church to whom Pastor Larry Hallock was provided access by Defendant.

31.     Defendant created a foreseeable risk of harm to Plaintiff.

32.     As a minor child being educated at Grace Baptist Church and participating in the programs and activities Defendant offered to minors, Plaintiff was a foreseeable victim.

33.     As a minor child who Pastor Larry Hallock had access to through Defendant's school, facilities, and programs and who looked at Pastor Larry Hallock  as a pastor and person of authority, Plaintiff was a foreseeable victim.

34.     Defendant owed a duty of care to all minor persons, including Plaintiff, who were likely to come within the influence or supervision of Pastor Larry Hallock, in his role as pastor,

employee, agent, and/or servant.

35.    Pursuant to Restatement (Second) of Torts, § 317, Defendant had a duty, as master of Pastor Larry Hallock, to exercise reasonable care to control Pastor Larry Hallock while he was on Defendant's premises, that is, Grace Baptist Church, and accompanying grounds, even when acting outside the scope of their employment, to prevent Pastor Larry Hallock from intentionally harming others, including Plaintiff.

36.    Defendant accepted responsibility for the well-being of Plaintiff, as a minor child.

37.    As such, Defendant had a duty to provide the type of care required of one who requests to be entrusted with the responsibility of caring for children.

38.    Defendant owed duties to Plaintiff arising from the relationship akin or that of a parishioner-pastor, and thus, Defendant was required and obligated to protect the children under their tutelage, including Plaintiff.

39.    Such duties include, but are not limited to, a duty to provide safe care, custody and control of minor children, including Plaintiff, a duty to warn of and report to the proper authorities the deviant propensities of Pastor Larry Hallock, and ultimately to prevent sexual, physical, and mental abuse of all minors within their care, control and/or custody, including Plaintiff.

40.    Pastor Larry Hallock 's forcible sexual acts on Plaintiff were performed in the course and scope of his delegated duties and authority granted by Defendant.

41.    Defendant, its agents, employees, servants and licensees, including vicariously through employee, Pastor Larry Hallock, breached its duties of care owed to Plaintiff; including, *inter alia:*

a.      failing to investigate the background and/or history of Pastor Larry Hallock before placing him into close contact with minors, including, Plaintiff;

b.      failing to warn Plaintiff, her parents and/or legal guardians, of Pastor Larry Hallock 's conduct and/or the reasonably foreseeable risk of future harm, despite Defendant having actual or constructive knowledge of Pastor Larry Hallock  sexually abusing children, having the propensity to sexually abuse children, and/or posing as a threat of sexual abuse to children;

c.      permitting and/or directing Pastor Larry Hallock to have private contact with then minor Plaintiff despite having constructive or actual knowledge of Pastor Larry Hallock  sexually abusing children, having a propensity to sexually abuse children, and/or posing as a threat of sexual abuse to children;

d.      minimizing, ignoring and/or excusing the misconduct of Pastor Larry Hallock as described herein, which allowed such conduct to continue;

e.      failing to provide a safe environment to Plaintiff within the church, and church events  that they operated and/or supervised;

f.      failing to conduct a reasonable investigation of abuse complaints;

g.      failing to create, institute, and/or enforce rules, policies, procedures, and/or regulations to identify and/or prevent the sexual abuse of children;

h.      failing to create, institute, and/or enforce rules, policies, procedures,

and/or regulations to prevent Pastor Larry Hallock 's sexual abuse of

Plaintiff; and

i.    failing to exercise reasonable care to control Pastor Larry Hallock to

prevent his sexual abuse of Plaintiff while on Defendant's premises.

42.    In the above ways, amongst others, Defendant failed to exercise the degree of care that a

reasonably prudent person would have exercised under similar circumstances thereby, breaching

its duties owed to Plaintiff.

43.    As a direct and proximate result of the above mentioned breaches of duty by Defendant

and its agents, servants, workers, or employees and/or others, including but not limited to Pastor

Larry Hallock , for whose acts or omissions they are responsible, and those whose identities are

in the exclusive control of Defendant, Plaintiff experienced and suffered from sexual abuse at

the hands of Pastor Larry Hallock, as well as the ensuing physical, mental, and financial injuries

and damages discussed herein, which Plaintiff still continues to suffer.

44.    As a direct and proximate result of Defendant's foregoing acts and omissions, as de-

scribed herein, Plaintiff sustained both physical and emotional injuries, including, humiliation,

embarrassment, loss of self-esteem, disgrace, guilt and shame; loss of faith and mistrust of the

Church and their agents and institutions; injuries suffered at the time of the sexual abuse

including physical shock to the nervous system and emotional distress; pain and suffering; severe

mental anguish and trauma, necessitating psychiatric and medical care and treatment in the past,

present and/or in the future; physical ailments, including, but not limited to headaches, nausea,

mental anguish, anxiety and loss of sleep; loss of earnings and earning capacity during those

periods Plaintiff was unable to work due to traumatization, and may in the future be unable to

work; and grievous bodily pain and suffering, mental anguish, inconvenience, and loss of enjoyment of life, in an amount that exceeds the jurisdictional limits of all courts that may otherwise have jurisdiction.

45.     Defendant's acts and omissions were a foreseeable, direct, and proximate cause of the occurrence and Plaintiffs resulting injuries and damages therefrom.

46.     By reason of the foregoing, Plaintiff is entitled to recover all of her damages from Defendant, the amount of which exceeds the jurisdictional limits of all lower Courts.

## SECOND CAUSE OF ACTION
## NEGLIGENT TRAINING/SUPERVISION/RETENTION

47.     Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth under this count.

48.     Pastor Larry Hallock was employed by Defendant and was under Defendant's direct supervision, employ, and control when he committed the wrongful acts alleged herein. Pastor Larry Hallock  engaged in the wrongful conduct while acting in the course and scope of his employment with Defendant and/or accomplished the sexual abuse by virtue of his job-created authority.

49.     Defendant, through its employees and agents, had a duty arising from their employment of Pastor Larry Hallock, to ensure that he did not sexually molest and abuse children in their care and/or on their premises.

50.     Defendant owed a duty to train and educate employees and administrators and establish adequate and effective policies and procedures calculated to detect, prevent, and address inappropriate behavior and conduct between its employees and the children under their care.

51.     Defendants breached their duties to instruct, train and supervise their employees, in that

Defendants failed to exercise the degree of care that a reasonably prudent person would have exercised under similar circumstances, including, *inter alia:*

> a.      failing to timely and properly educate, train, supervise, and/or monitor their agents or employees with regard to policies and procedures that should be followed when sexual abuse of a child is suspected or observed;

> b.      failing to timely and properly educate, train, supervise, and/or monitor their agents or employees with regard to policies and procedures that should be followed to detect and/or prevent sexual abuse of a child;

> c.      failing to supervise, monitor, and/or investigate Pastor Larry Hallock in his interactions with children when Defendant knew or should have known that such supervision was necessary;

> d.      failing to train employees on rules, policies, procedures, and/or regulations to prevent Pastor Larry Hallock 's sexual abuse of Plaintiff;

> e.      failing to properly supervise Pastor Larry Hallock such that the opportunity for repeated, unfettered private access to Plaintiff would not be available; and

> f.      failing to take reasonable steps to remove Pastor Larry Hallock from the types of duties and circumstances which allowed him the opportunity to continue sexually abusing minors, including Plaintiff;

52.     Defendant breached its legal duty of due care owed to Plaintiff as a member of Grace Baptist Church.

53.     Defendant breached its duty in failing to adequately evaluate, and qualify Pastor Larry

Hallock, both pre and post-hiring, and failed to monitor, supervise, influence, control, discipline

or discharge Pastor Larry Hallock and/or report Pastor Larry Hallock to criminal authorities

and/or parents or otherwise restrict his movement and/or activities to ensure the safety of the

children of Grace Baptist Church, specifically Plaintiff, in the ways discussed herein.

54.     Defendant and its agents and/or employees, knew, or should have known, of Pastor Larry

Hallock's deviant sexual proclivities, propensities and/or criminal misconduct prior to

employing or placing Pastor Larry Hallock  in the congregation in positions of trust with minor.

55.     Unfortunately, Defendant placed and maintained Pastor Larry Hallock in positions of

trust and control with access to children, which ultimately led Pastor Larry Hallock to access

and harm Plaintiff.

56.     Defendant, after placing Pastor Larry Hallock, and even with knowledge of Plaintiff's

receiving of letters from Pastor Larry Hallocks wife regarding the relationship between Pastor

Larry Hallock and the Plaintiff, negligently retained Pastor Larry Hallock in a position where he

had access to children and could foreseeably cause harm which Plaintiff would not have been

subjected to had Defendant exercised reasonable care.

57.     In failing to timely remove Pastor Larry Hallock from working with children, Defendant

failed to exercise the degree of care that a reasonably prudent person would have exercised under

similar circumstances.

58.     As a direct and proximate result of the foregoing acts and omissions by Defendant,

Plaintiff sustained both physical and emotional injuries, including, humiliation,  embarrassment,

loss of self-esteem, disgrace, guilt and shame; loss of faith and mistrust of the Church and their

agents and institutions; injuries suffered at the time of the sexual abuse including physical shock

to the nervous system and emotional distress; pain and suffering; severe mental anguish and trauma, necessitating psychiatric and medical care and treatment in the past, present and/or in the future; physical ailments, including, but not limited to headaches, nausea, mental anguish, anxiety and loss of sleep; loss of earnings and earning capacity during those periods Plaintiff was unable to work due to traumatization, and may in the future be unable to work; and grievous bodily pain and suffering, mental anguish, inconvenience, and loss of enjoyment of life, in an amount that exceeds the jurisdictional limits of all lower courts that may otherwise have jurisdiction.

59.     Defendant's acts and omissions were a foreseeable, direct, and proximate cause of the occurrence and Plaintiffs resulting injuries and damages therefrom.

60.     By reason of the foregoing, Plaintiff is entitled to recover all of her damages from Defendant, the amount of which exceeds the jurisdictional limits of all lower Courts.

## THIRD CAUSE OF ACTION
### GROSS NEGLIGENCE

61.     Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth herein.

62.     Defendant's acts and omissions, as previously described, were committed with reckless disregard for, and with willful, wanton, and conscious indifference to, the rights, safety, and welfare of Plaintiff and the general public.

63.     The nature of Defendant's aforesaid wrongful acts and omissions were of such a nature as to constitute gross negligence and malice.

64.     Defendant undertook a continuous course of action in the form of conscious decisions, with subjective knowledge and awareness of the risks and hazards presented by each decision as

discussed above and incorporated herein, to expose Plaintiff and others to sexual abuse and/or sexual assault by Pastor Larry Hallock, and without exercising slight care or diligence.

65.     Defendant had a duty to exercise reasonable care in relation to the safety and welfare of their minor students, including Plaintiff.

66.     Defendant had a duty to exercise reasonable care to avoid creating or maintaining unreasonable risks to the safety and welfare of the children enrolled in their congregation, including Plaintiff.

67.     Defendant had a duty to exercise reasonable care in investigating and pursuing complaints of criminal conduct, sexual misconduct, and violations of law against the children enrolled in their congregation, including Plaintiff.

68.     In addition to the common law duty of ordinary care discussed above, and incorporated herein, Defendant also had a duty that arose because of, *inter alia,* a special relationship between the church and the minors attending the church.

69.     Defendant breached its duty of care by acting with reckless disregard of the safety and welfare of Plaintiff and other innocent children by failing to properly investigate and report the known and tolerated pedophile activities of their pastors including those of Pastor Larry Hallock, and by placing its own personal interest in front of the safety of the children enrolled in their school, including Plaintiff.

70.     Defendant was more concerned with its reputation than protecting children, including Plaintiff. Such conduct was, and is, wanton and willful, reckless, and conscious disregard of the safety of innocent children, including Plaintiff.

71.     Defendant's foregoing acts and omissions, involved reckless disregard of or indifference to an extreme degree of physical, mental, and psychological risk and danger, considering the probability and the magnitude of the potential harm to others.

72.     Defendant's foregoing gross negligence was a foreseeable, direct, and proximate cause of the occurrence and Plaintiffs injuries and damages therefrom.

73.     As a direct and proximate result of the Defendant's acts and omissions, Plaintiff suffered sexual abuse at the hands of Pastor Larry Hallock, as well as the ensuing physical, mental, and financial injuries and damages discussed herein, which Plaintiff still continues to suffer.

74.     That by reason of the foregoing, Plaintiff is entitled to recover all of her damages from Defendant.

75.     As a direct and proximate result of such violations, Plaintiff suffered the injuries and damages described herein.

## FOURTH CAUSE OF ACTION
## ASSAULT AND SEXUAL ASSAULT OF A CHILD

76.     Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth.

80.     At all relevant times, Pastor Larry Hallock was under the supervision and control of Defendant.

81.     Pastor Larry Hallock was imbued with delegated authority from Defendant and Defendant is responsible for the sexual assault on Plaintiff by Pastor Larry Hallock .

82.     Defendant's agent and youth pastor, Pastor Larry Hallock, engaged in assault and sexual assault of a minor for which Defendant is liable under civil law.

83.     Defendant aided, abetted, and assisted before and after the fact to allow Pastor Larry Hallock to engage in such behavior, and Defendant ratified Pastor Larry Hallock 's conduct by failing to do anything about it.

84.     Defendant's acts and/or omissions were a proximate cause of Plaintiffs' injuries and damages, and by operation of law, Defendant is liable for that conduct and those damages.

## FIFTH CAUSE OF ACTION
## PREMISES LIABILITY

85.     Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth.

86.      At all relevant times, Defendant owned and occupied the church property upon which the assaults on Plaintiff occurred.

87.      Further, Defendant controlled the church premises where Plaintiff was assaulted.

88.      At all relevant times, Plaintiff was an invitee at the church premises where she was assaulted.

89.      Defendant provided inadequate security and supervision over the premises despite the existence of unreasonable risk of harm from abusive personnel at the church.

90.      The risk of harm was foreseeable, and Defendant knew or had reason to know that abuse of minors would occur given previous abuse, proximity of other abuse, the recency of other abuse, frequency of abuse, the similarity of other abuse, and their actual knowledge of this abuse by pastors, and other personnel at Grace Baptist Church.

91.      The above acts or omissions by Defendant were a proximate cause of Plaintiff' injuries and the resulting damages Plaintiffs seek in this suit.

## SIXTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

92.      Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth.

93.      At all relevant times, Plaintiff had a special relationship with Defendant arising from his attending Defendant's church.

94.      Plaintiff was a minor at all relevant times and Defendant was acting *in loco parentis* in charge of Plaintiff's well- being.

95.      This relationship was rooted in a moral, social, religious, or personal relationship of trust and confidence between Plaintiff and Defendant.

96.     Defendant had a dominance over Plaintiff who was dependent on Defendant's control and Plaintiff reasonably relied on Defendant to act in her best interest.

97.     This special relationship gave rise to a fiduciary relationship.

98.     Further, at all relevant times, Victim had a special relationship with Defendant arising from their status as an religious institution.

99.     Entrusted with special privileges and immunities, Defendant demanded complete loyalty, fealty, and trust from individuals like Victim and specifically instructed individuals like Victim such that they are granted with special power to determine right and wrong.

100.    Victim was taught that she must adhere to the teachings and instructions of Defendant, and the failure to do so will result not just in discipline but also an offense against God.

101.     This extreme power imbalance mandates that individuals like Victim place an extreme degree of trust and confidence in Defendant to act as "the shepherd" and determine what is in the best interest of individuals like Victim.

102.    This psychological power over Victim caused her to justifiably and indeed mandated that she rely on the commands of Defendant, by and through its pastors and staff.

103.    Given the existence of their status as a fiduciary over Victim, Defendants owed the highest duty of care at law, including but not limited to: (1) duty of loyalty and utmost good faith; (2) duty of candor; and (3) duty to act with integrity of the strictest kind; and (4) duty of full disclosure.

104.    Defendant breached its fiduciary duties by, among others, hiding and keeping secret the fact that there were persons at the church to whom Victim would be subjected that engaged in sexual abuse of minors, by failing to disclose both before and after the events at issue in this case Defendant's knowledge of the abuse and the abuser, failing to disclose the policy of covering-up past incidents of abuse, and putting the interest of Defendant ahead of students and

victims like Victim by continuing to this day to hide the full extent of the problem.

105.    These breaches caused harm to Victim and other student victims like her and benefitted Defendant who sought to protect its reputation from public knowledge of the rampant misconduct occurring at its church.

106.    The above acts or omissions by these Defendants were a proximate cause of Plaintiff's injuries and the resulting damages Plaintiff seeks in this suit. Plaintiff prays that, following a verdict, all such damages be awarded against Defendant.

<u>**SEVENTH CAUSE OF ACTION**</u>
<u>**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**</u>

107.    Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth.

108.    Pastor Larry Hallock 's sexual abuse of Plaintiff was extreme and outrageous conduct, beyond all possible bounds of decency, atrocious and intolerable in a civilized world.

109.    Defendant's aforesaid negligent, grossly negligent and reckless misconduct endangers Plaintiff's safety and caused Plaintiff to fear for her safety.

110.    Defendant knew or disregarded the substantial probability that Pastor Larry Hallock would cause severe emotional distress to minors including Plaintiff.

111.    As a direct and proximate result of Defendant's foregoing misconduct, Plaintiff suffered severe emotional distress including psychological and emotional injury as described above.

112.    By the reason of the foregoing, Defendant is liable to Plaintiff for compensatory and punitive damages in an amount in excess of $75,000 to be determined at trial, plus interest and costs.

<u>**EIGHTH CAUSE OF ACTION**</u>
<u>**BREACH OF DUTY *IN LOCO PARENTIS***</u>

113.    Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth.

114.    At all relevant times, Plaintiff was a vulnerable child and church member entrusted to

the care of Defendant and was under the supervision and control of Defendant, such that Defendant owed him a duty to act *in loco parentis* and to prevent foreseeable injuries.

115.    By reason of the foregoing, Defendants breached their duties to act *in loco parentis*.

116.    As a direct and proximate result of Defendant's foregoing acts and/or omissions, Plaintiff suffered injury, including the physical and psychological damages as described below.

117.    By reason of the foregoing, Defendant is liable to Plaintiff for compensatory and punitive damages in an amount in excess of $75,000 to be determined at trial, plus interest and costs.

## NINTH CAUSE OF ACTION
## BREACH OF STATUTORY DUTIES TO REPORT

118.    Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth.

119.    Pursuant to N.Y. Soc. Serv. Law § § 413 and 420, Defendant had a statutory duty to report reasonable suspicion of abuse of children in their care.

120.    Defendant breached their statutory duty by knowingly, willfully, and intentionally failing to report reasonable suspicion of sexual abuse by Pastor Larry Hallock.

121.    As a direct and proximate result of Defendant's foregoing acts and omissions, Plaintiff suffered injury, including the physical and psychological damages as described below.

122.    By reason of the foregoing, Defendant is liable to Plaintiff for compensatory and punitive damages in an amount in excess of $75,000 to be determined at trial, plus interest and costs.

## DAMAGES

123 .    As a direct and proximate result of the foregoing acts and/or omissions of Defendant, Plaintiff suffered the injuries and damages described herein.

      a.    Past, present and future conscious pain and suffering;

      b.    Past, present and future mental anguish and emotional distress;

      c.    Past, present and future medical expenses;

d.      Past, present and future loss of earning capacity;

e.      Compensatory damages;

f.      Punitive damages;

g.      Litigation costs, expenses and reasonable and necessary attorney fees;

h.      Pre-judgment and post-judgment interest pursuant to 28 U.S.C. § 1961 and

any other applicable law or statute; and:

i.      Any and all other damages to which Plaintiff may be justly entitled.

## PRAYER FOR RELIEF

**WHEREFORE,** based on the foregoing causes of action, Plaintiff demands judgment against Defendant in an amount to be determined in a trial by jury;  for a sum that  will fully and fairly compensate Plaintiff for her injuries and conscious pain and suffering, that Plaintiff recovers actual damages; that Plaintiff is entitled to recover compensatory damages; that Plaintiff recovers punitive damages; together with litigation costs, expenses and reasonable and necessary attorneys' fees, pre-judgment and post-judgment interest pursuant to 28  U.S.C.  § 1961 and any other applicable law or statute; and any and all other relief to which Plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 6, 2021                    Respectfully Submitted,

*/s/ Ashley Pileika*
Ashley Pileika
New York Bar No. 974605
**Forester Haynie PLLC**
400 North Saint Paul St., Suite 700
Dallas, TX 75201
P: 214-210-2100 | F: 214-346-5909
apileika@foresterhaynie.com

Thomas J. Nessler*
Florida Bar No. 1005206
**The Law Offices of Frederick W.
Nessler & Associates, PLLC**
1600 West Bay Drive
Largo, FL 33770
P: 727-333-7093 | F: 217-698-0203
tjnessler@nesslerlaw.com

*Pro hac vice application forthcoming