IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>　　　　　　Plaintiff,<br>v.<br><br>GRACE BAPTIST CHURCH, et al.,<br><br>　　　　　　Defendants. | **FIRST AMENDED COMPLAINT AND JURY DEMAND**<br><br>**1:21-CV-890 (BKS/DJS)** |

## INTRODUCTION

1.　　Plaintiff Jane Doe was homeschooled and raised by the leaders and founders of Grace Baptist Church. When Jane Doe was sixteen (16) years old, Pastor Larry Hallock, one of Grace Baptist's youth ministers and spiritual leaders began emotionally grooming Jane Doe; from there, Hallock began sexually abusing her.

2.　　When Pastor John Koletas, Grace Baptist's leader and Jane Doe's father, became aware Hallock was physically, emotionally, and spiritually violating his daughter and minor parishioner, he took no action—as required by law—to stop the abuse. John Koletas continued to allow Hallock unfettered access to Jane Doe and other minor parishioners at Grace Baptist Church, where Hallock remained a youth pastor and spiritual leader.

3.　　Now, John Koletas and Grace Baptist Church continue to evade liability—and service—by alleging Jane Doe was above the age of consent when the sexual abuse occurred, and her counsel served a "nonexistent" defendant.

4.　　To be clear, Jane Doe was sixteen (16) years old when Hallock began *physically* sexually abusing her, which included oral sex, digital penetration, kissing, and groping. And

John Koletas—who has already accepted service in this case—has publicly held himself out as the leader and owner of Grace Baptist Church since at least 1988. *See* Dkt. 20-3.

5.  Plaintiff now names John Koletas as a Defendant in his individual capacity, as John Koletas has admittedly held himself out as Grace Baptist Church's leader and owner since at least 1988. *Id.*

6.  Furthermore, Grace Baptist Church, against which Plaintiff filed suit, is liable for the allegations described herein as a successor in interest and/or as a result of a *de facto* merger with any Grace Baptist "Association" led by John Koletas—who has directed, controlled, and owned Grace Baptist Church—since at least 1988. *Id.*

## NATURE OF CLAIM

7.  This case is brought under the New York Child Victims Act (L 2019, ch 11) ("CVA"). It concerns the repeated acts of sexual abuse committed by Pastor Larry Hallock against Plaintiff, Jane Doe, who was a minor at the times of the sexual abuse.

8.  Those acts include conduct by Hallock that would constitute a sexual offense as defined by, *inter alia,* New York Penal Law §§ 130.55, 130.80(l)(a), and 130.65(4).

9.  Upon information and belief, Hallock was Defendants' youth pastor at Grace Baptist Church during the 2000's.

10. The acts of physical child sex abuse described herein occurred when Hallock was employed by, representing, associated with, and leading and providing spiritual guidance to minors on the premises of Grace Baptist Church.

## PARTIES

11. Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth.

12. At the time of the sexual abuse alleged herein, Plaintiff, Jane Doe, was a minor, residing

within the State of New York. Plaintiff currently resides in the Hellenic Republic of Greece.

13. Defendant John Koletas is a citizen and resident of the state of New York; John Koletas has owned, controlled, and directed Grace Baptist Church since at least 1988.

14. Defendant First Baptist Church of Lansingburgh, doing business as (d/b/a) Grace Baptist Church (hereinafter "Grace Baptist Church" or "Grace Baptist"), was and continues to be, a religious organization and a non-profit religious corporation duly organized and existing under, and pursuant to, the laws of the State of New York, and authorized to conduct business and conducting business in the State of New York; the entities, owners, and directors of First Baptist Church of Lansingburgh and Grace Baptist Church are vicariously liable for the acts of child sex abuse and Plaintiff's injuries described herein.

## JURISDICTION AND VENUE

15. Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth herein.

16. Plaintiff brings this complaint under 28 U.S.C. § 1332, as Plaintiff is a resident of Hellenic Republic of Greece, and Defendants are citizens and residents of the State of New York, and the amount in controversy exceeds $75,000.

17. Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), because Defendants maintain their principal place of business within this District.

## FACTS COMMON TO ALL COUNTS

18. Hallock was a youth pastor at Grace Baptist Church, and he was assigned control over its youth congregation, including Plaintiff, by Grace Baptist's leader, John Koletas.

19. Defendants held themselves out to the public as "Grace Baptist Church," a religious institution, where minor parishioners, including minor Plaintiff, would be safe.

20. Defendants controlled the premises of Grace Baptist Church and hired and supervised

the pastors they assigned to the youth congregation, including Hallock.

21.    Defendants knew and controlled the amount and type of time spent alone with Hallock, Hallock's access to Plaintiff, and Hallock's ability to groom and sexually molest Plaintiff.

22.    Hallock sexually abused Plaintiff on a near daily basis at Grace Baptist Church, before her morning paper route and during church sponsored events from approximately 2000 through 2002, during which time Plaintiff was a member of the Grace Baptist Church Youth Group.

23.    The sexual abuse suffered by Plaintiff included sexual and emotional grooming, oral sex, fondling, and forced sexual touching.

24.    Plaintiff was sixteen (16) years old when the sexual and emotional grooming, oral sex, fondling, and forced sexual touching began.

25.    During the time Hallock was sexually abusing Plaintiff, Plaintiff acquired a paper route. Hallock would meet Plaintiff in the early morning before her route and engage in oral sex, fondling, and forced sexual touching.

26.    Hallock regularly supervised Grace Baptist Church youth trips and Sunday school services. During the aforesaid sponsored events, Hallock would engage in oral sex, fondling, and forced sexual touching of the Plaintiff.

27.    During the time of the abuse, Hallock's wife sent several letters to Plaintiff inquiring as to the inappropriate relationship between Hallock and Jane Doe. Further, in the aforesaid letters Hallock's wife referenced that she had made Grace Baptist Church leadership, including John Koletas, aware of her husband's relationship with the Plaintiff. Attached hereto, as Exhibit 1.

28.    These letters evidence Defendants were on notice of Hallock's predatory behavior, yet they took no action against him, as required by law, and they allowed the sexual abuse of

Plaintiff to continue for years.

29. Indeed, rather than inquire as to why Plaintiff was receiving letters from the Hallock's wife, Defendants took no action. Later, when the abuse came to light, Defendants stated Jane Doe led Hallock on.

30. Moreover, Grace Baptist Church leadership has stated because Plaintiff didn't "cry for help," she was culpable for the abuse perpetrated against her.

31. Defendants are vicariously liable for the acts of Hallock through the doctrine of *respondeat superior,* in addition to direct liability described here and below.

32. As a direct and proximate result of Defendants' acts, omissions, negligence, gross negligence and conduct described herein, Plaintiff sustained both physical and emotional injuries, including conscious pain and suffering; physical injuries to Plaintiff's body, including, but not limited to, headaches, nausea, loss of sleep and physical shock to the nervous system, as well as, injuries suffered at the times of the sexual abuse; loss of faith and mistrust of schools, educators, the Grace Baptist Church and its institutions; past, present, and future mental anguish, emotional distress, inconvenience, loss of enjoyment of life, humiliation, embarrassment, loss of self-esteem, disgrace, guilt and shame; past, present, and future physical pain and suffering; past, present and future medical expenses; past, present and future loss of earning capacity.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

33. Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth under this count.

34. The allegations of fact and law above confirm that Defendants had a special relationship and duty to intervene and protect Plaintiff consistent with the Restatement of Torts (Second), sec. 314 (A)(4) and sec. 320; and as more particularly described above regarding a person or

entity who has exclusive custody or control of a minor.

35. At all relevant times herein, Defendants held themselves and their institutions out to be safe places for religious worship, spiritual development and growth, learning and education, and engaging in youth and/or community activities.

36. Defendants explicitly and implicitly represented to Plaintiff, and the community, that its leaders and spiritual guides, including Hallock, were benevolent and trustworthy stewards of the faith who would only act in the best interests of the children whom they served and granted Hallock unfettered access to the minor children attending the youth group, including Plaintiff.

37. Defendants had and/or assumed a duty to provide a reasonably safe environment for Plaintiff and assumed the duty to protect and care for her.

38. Pursuant to common law and the Restatement (Second) of Agency, § 219, Hallock was acting as Defendants' agent because while engaging in the wrongful acts with Plaintiff, Hallock was in the course and scope of his employment acting as a youth pastor of Plaintiff; and/or was able to accomplish the sexual abuse because of his job-created authority and role as Defendants' agent.

39. As such, Defendants are vicariously liable for the acts of Hallock through the doctrine of *respondeat superior,* in addition to their direct liability described here and below.

40. Defendant knew, or should have known, that there was an unreasonable risk of harm to children at Grace Baptist Church to whom Hallock was provided access by Defendants.

41. Defendants created a foreseeable risk of harm to Plaintiff.

42. As a minor child being educated at Grace Baptist Church and participating in the

programs and activities Defendants offered to minors, Plaintiff was a foreseeable victim.

43. As a minor child who Hallock had access to through Defendants' religious activities, facilities, and programs and who looked at Hallock as a pastor and person of authority, Plaintiff was a foreseeable victim.

44. Defendants owed a duty of care to all minor persons, including Plaintiff, who were likely to come within the influence or supervision of Hallock, in his role as pastor, employee, agent, and/or servant.

45. Pursuant to Restatement (Second) of Torts, § 317, Defendants had a duty, as master of Hallock, to exercise reasonable care to control Hallock while he was on Defendants' premises, that is, Grace Baptist Church, and accompanying grounds, even when acting outside the scope of their employment, to prevent Hallock from intentionally harming others, including Plaintiff.

46. Defendants accepted responsibility for the well-being of Plaintiff, as a minor child.

47. As such, Defendants had a duty to provide the type of care required of one who requests to be entrusted with the responsibility of caring for children.

48. Defendants owed duties to Plaintiff arising from the relationship akin or that of a parishioner-pastor, and thus, Defendants were required and obligated to protect the children under their tutelage, including Plaintiff.

49. Such duties include, but are not limited to, a duty to provide safe care, custody and control of minor children, including Plaintiff, a duty to warn of and report to the proper authorities the deviant propensities of Hallock, and ultimately to prevent sexual, physical, and mental abuse of all minors within their care, control and/or custody, including Plaintiff.

50. Hallock 's forcible sexual acts on Plaintiff were performed in the course and scope of

his delegated duties and authority granted by Defendants.

51.     Defendants' agents, employees, servants and licensees, including vicariously through Hallock, breached their duties of care owed to Plaintiff; including, *inter alia:*

- a. failing to investigate the background and/or history of Hallock before placing him into close contact with minors, including, Plaintiff;

- b. failing to protect Plaintiff from Hallock's harmful conduct, despite Defendants having actual or constructive knowledge of Hallock sexually abusing children, having the propensity to sexually abuse children, and/or posing as a threat of sexual abuse to children;

- c. permitting and/or directing Hallock to have private contact with then minor Plaintiff, despite having constructive or actual knowledge of Hallock sexually abusing children, having a propensity to sexually abuse children, and/or posing as a threat of sexual abuse to children;

- d. minimizing, ignoring and/or excusing the misconduct of Hallock as described herein, which allowed such conduct to continue;

- e. failing to provide a safe environment to Plaintiff within the church, and church events that they operated and/or supervised;

- f. failing to conduct a reasonable investigation of abuse complaints;

- g. failing to create, institute, and/or enforce rules, policies, procedures, and/or regulations to identify and/or prevent the sexual abuse of children;

- h. failing to create, institute, and/or enforce rules, policies, procedures, and/or regulations to prevent Hallock's sexual abuse of Plaintiff; and

      i.      failing to exercise reasonable care to control Hallock to prevent his sexual abuse of Plaintiff while on Defendants' premises.

52. In the above ways, amongst others, Defendants failed to exercise the degree of care that a reasonably prudent person would have exercised under similar circumstances thereby, breaching its duties owed to Plaintiff.

53. As a direct and proximate result of the above mentioned breaches of duty by Defendants' agents, servants, workers, and employees—including Hallock—for whose acts or omissions they are responsible, and those whose identities are in the exclusive control of Defendants, Plaintiff experienced and suffered from sexual abuse at the hands of Hallock, as well as the ensuing physical, mental, and financial injuries and damages discussed herein, which Plaintiff still continues to suffer.

54. As a direct and proximate result of Defendants' foregoing acts and omissions, as described herein, Plaintiff sustained both physical and emotional injuries, including, humiliation, embarrassment, loss of self-esteem, disgrace, guilt and shame; loss of faith and mistrust of the church and their agents and institutions; injuries suffered at the time of the sexual abuse including physical shock to the nervous system and emotional distress; pain and suffering; severe mental anguish and trauma, necessitating psychiatric and medical care and treatment in the past, present and/or in the future; physical ailments, including, but not limited to headaches, nausea, mental anguish, anxiety and loss of sleep; loss of earnings and earning capacity during those periods Plaintiff was unable to work due to traumatization, and may in the future be unable to work; and grievous bodily pain and suffering, mental anguish, inconvenience, and loss of enjoyment of life, in an amount that exceeds the jurisdictional limits of all courts that may

otherwise have jurisdiction.

55. Defendants' acts and omissions were a foreseeable, direct, and proximate cause of the occurrence and Plaintiff's resulting injuries and damages therefrom.

56. By reason of the foregoing, Plaintiff is entitled to recover all of her damages from Defendants, the amount of which exceeds the jurisdictional limits of all lower courts.

## SECOND CAUSE OF ACTION
## NEGLIGENT TRAINING/SUPERVISION/RETENTION

57. Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth under this count.

58. Hallock was under Defendants' direct supervision, employ, and control when he committed the wrongful acts alleged herein. Hallock engaged in the wrongful conduct while acting in the course and scope of his employment with Defendants and/or accomplished the sexual abuse by virtue of his job-created authority.

59. Defendants had a duty to ensure their agents did not sexually abuse children in their care and/or on Defendants' premises.

60. Defendants owed a duty to train and educate employees and administrators and establish adequate and effective policies and procedures calculated to detect, prevent, and address inappropriate behavior and conduct between its employees and the children under their care.

61. Defendants breached their duties to instruct, train and supervise their employees, in that Defendants failed to exercise the degree of care that a reasonably prudent person would have exercised under similar circumstances, including, *inter alia*:

    a.    failing to timely and properly educate, train, supervise, and/or monitor their agents or employees with regard to policies and procedures that should be

followed when sexual abuse of a child is suspected or observed;

b. failing to timely and properly educate, train, supervise, and/or monitor their agents or employees with regard to policies and procedures that should be followed to detect and/or prevent sexual abuse of a child;

c. failing to supervise, monitor, and/or investigate Hallock in his interactions with children when Defendants knew or should have known that such supervision was necessary;

d. failing to train employees on rules, policies, procedures, and/or regulations to prevent Hallock's sexual abuse of Plaintiff;

e. failing to properly supervise Hallock such that the opportunity for repeated, unfettered private access to Plaintiff would not be available; and

f. failing to take reasonable steps to remove Hallock from the types of duties and circumstances which allowed him the opportunity to continue sexually abusing minors, including Plaintiff;

62. Defendants breached its legal duty of due care owed to Plaintiff as a member of Grace Baptist Church.

63. Defendants breached their duty in failing to adequately evaluate, and qualify Hallock, both pre- and post-hiring, and failed to monitor, supervise, influence, control, discipline or discharge Hallock and/or report Hallock to criminal authorities and/or parents or otherwise restrict his movement and/or activities to ensure the safety of the children of Grace Baptist Church, specifically Plaintiff, in the ways discussed herein.

64. Defendants and their agents and/or employees, knew, or should have known, of

Hallock's deviant sexual proclivities, propensities and/or criminal misconduct prior to employing or placing Hallock in the congregation in positions of trust with minor.

65. Unfortunately, Defendants placed and maintained Hallock in positions of trust and control with access to children, which ultimately led Hallock to access and harm Plaintiff.

66. Defendants, after placing Hallock, and even with knowledge of Plaintiff's receiving of letters from Hallock's wife regarding the relationship between Hallock and the Plaintiff, negligently retained Hallock in a position where he had access to children and could foreseeably cause harm which Plaintiff would not have been subjected to had Defendants exercised reasonable care.

67. In failing to timely remove Hallock from working with children, Defendants failed to exercise the degree of care that a reasonably prudent person would have exercised under similar circumstances.

68. As a direct and proximate result of the foregoing acts and omissions by Defendants, Plaintiff sustained both physical and emotional injuries, including, humiliation, embarrassment, loss of self-esteem, disgrace, guilt and shame; loss of faith and mistrust of the church and their agents and institutions; injuries suffered at the time of the sexual abuse including physical shock to the nervous system and emotional distress; pain and suffering; severe mental anguish and trauma, necessitating psychiatric and medical care and treatment in the past, present and/or in the future; physical ailments, including, but not limited to headaches, nausea, mental anguish, anxiety and loss of sleep; loss of earnings and earning capacity during those periods Plaintiff was unable to work due to traumatization, and may in the future be unable to work; and grievous bodily pain and suffering, mental anguish, inconvenience, and loss of enjoyment of life, in an

amount that exceeds the jurisdictional limits of all lower courts that may otherwise have jurisdiction.

69. Defendants' acts and omissions were a foreseeable, direct, and proximate cause of the occurrence and Plaintiffs resulting injuries and damages therefrom.

70. By reason of the foregoing, Plaintiff is entitled to recover all of her damages from Defendant, the amount of which exceeds the jurisdictional limits of all lower courts.

## THIRD CAUSE OF ACTION
## GROSS NEGLIGENCE

71. Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth herein.

72. Defendants' acts and omissions, as previously described, were committed with reckless disregard for, and with willful, wanton, and conscious indifference to, the rights, safety, and welfare of Plaintiff and the general public.

73. The nature of Defendants' aforesaid wrongful acts and omissions were of such a nature as to constitute gross negligence and malice.

74. Defendants undertook a continuous course of action in the form of conscious decisions, with subjective knowledge and awareness of the risks and hazards presented by each decision as discussed above and incorporated herein, to expose Plaintiff and others to sexual abuse and/or sexual assault by Hallock, and without exercising slight care or diligence.

75. Defendants had a duty to exercise reasonable care in relation to the safety and welfare of their minor students, including Plaintiff.

76. Defendants had a duty to exercise reasonable care to avoid creating or maintaining unreasonable risks to the safety and welfare of the children enrolled in their congregation, including Plaintiff.

77. Defendants had a duty to exercise reasonable care in investigating and pursuing complaints of criminal conduct, sexual misconduct, and violations of law against the children enrolled in their congregation, including Plaintiff.

78. In addition to the common law duty of ordinary care discussed above, and incorporated herein, Defendant also had a duty that arose because of, *inter alia,* a special relationship between the church and the minors attending the church.

79. Defendants breached their duty of care by acting with reckless disregard of the safety and welfare of Plaintiff and other innocent children by failing to properly investigate and report the known and tolerated pedophile activities of their pastors including those of Hallock, and by placing its own personal interest in front of the safety of the children enrolled in their school, including Plaintiff.

80. Defendants were more concerned with its reputation than protecting children, including Plaintiff. Such conduct was, and is, wanton and willful, reckless, and conscious disregard of the safety of innocent children, including Plaintiff.

81. Defendants' foregoing acts and omissions, involved reckless disregard of or indifference to an extreme degree of physical, mental, and psychological risk and danger, considering the probability and the magnitude of the potential harm to others.

82. Defendants' foregoing gross negligence was a foreseeable, direct, and proximate cause of the occurrence and Plaintiff's injuries and damages therefrom.

83. As a direct and proximate result of the Defendants' acts and omissions, Plaintiff suffered sexual abuse at the hands of Hallock, as well as the ensuing physical, mental, and financial injuries and damages discussed herein, which Plaintiff still continues to suffer.

84. That by reason of the foregoing, Plaintiff is entitled to recover all of her damages from Defendants.

85. As a direct and proximate result of such violations, Plaintiff suffered the injuries and damages described herein.

## FOURTH CAUSE OF ACTION
## ASSAULT AND SEXUAL ASSAULT OF A CHILD

86. Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth.

87. At all relevant times, Hallock was under the supervision and control of Defendants.

88. Hallock was imbued with delegated authority from Defendant and Defendant is responsible for the sexual assault on Plaintiff by Hallock.

89. Defendants' agent and youth pastor, Hallock, engaged in assault and sexual assault of a minor for which Defendants are liable under civil law. Defendants aided, abetted, and assisted before and after the fact to allow Hallock to engage in such behavior, and Defendant ratified Hallock's conduct by failing to do anything about it.

90. Defendant's acts and/or omissions were a proximate cause of Plaintiffs' injuries and damages, and by operation of law, Defendant is liable for that conduct and those damages.

## FIFTH CAUSE OF ACTION
## PREMISES LIABILITY

85. Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth.

86. At all relevant times, Defendants owned and occupied the church property upon which the assaults on Plaintiff occurred.

87. Further, Defendants controlled the church premises where Plaintiff was assaulted.

88. At all relevant times, Plaintiff was an invitee at the church premises where she was assaulted.

89. Defendants provided inadequate security and supervision over the premises despite the existence of unreasonable risk of harm from abusive personnel at the church.

90. The risk of harm was foreseeable, and Defendants knew or had reason to know that

abuse of minors would occur given previous abuse, proximity of other abuse, the recency of other abuse, frequency of abuse, the similarity of other abuse, and their actual knowledge of this abuse by pastors, and other personnel at Grace Baptist Church.

91.    The above acts or omissions by Defendants were a proximate cause of Plaintiff's injuries and the resulting damages Plaintiff seeks in this suit.

**SIXTH CAUSE OF ACTION**
**BREACH OF FIDUCIARY DUTY**

87.    Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth.

88.    At all relevant times, Plaintiff had a special relationship with Defendants rooted in familial, legal, moral, social, religious, and personal trust and dependence.

89.    Defendants had a dominance over Plaintiff who was dependent on Defendants' control and Plaintiff reasonably relied on Defendant to act in her best interest, which gave rise to a fiduciary relationship.

90.    Further, entrusted with special privileges and immunities, Defendants demanded complete loyalty, fealty, and trust from individuals like Jane Doe and specifically instructed individuals like Jane Doe such that they are granted with special power to determine right and wrong.

91.    Jane Doe was taught that she must adhere to the teachings and instructions of Defendants, and the failure to do so would result not just in discipline but also an offense against God.

92.    This extreme power imbalance mandates that individuals like Jane Doe place an extreme degree of trust and confidence in Defendants to determine what was in the best interest of individuals like Jane Doe.

93.    This psychological power over Jane Doe caused her to justifiably and indeed mandated that she rely on the commands of Defendants, by and through its pastors and religious leaders.

94. Given the existence of their status as a fiduciary over Jane Doe, Defendants owed the highest duty of care at law, including but not limited to: (1) duty of loyalty and utmost good faith; (2) duty of candor; and (3) duty to act with integrity of the strictest kind; and (4) duty of full disclosure.

95. Defendants breached their fiduciary duties by, among others, hiding and keeping secret the fact that there were persons at the church to whom Jane Doe would be subjected that engaged in sexual abuse of minors, by failing to disclose both before and after the events at issue in this case Defendants' knowledge of the abuse and the abuser, failing to disclose the policy of covering-up past incidents of abuse, and putting the interest of Defendants ahead of students and victims like Jane Doe by continuing to this day to hide the full extent of the problem.

96. These breaches caused harm to Jane Doe and other student victims like her and benefitted Defendant who sought to protect its reputation from public knowledge of the rampant misconduct occurring at its church.

97. The above acts or omissions by these Defendants were a proximate cause of Plaintiff's injuries and the resulting damages Plaintiff seeks in this suit. Plaintiff prays that, following a verdict, all such damages be awarded against Defendants.

**SEVENTH CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

98. Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth.

99. Hallock's sexual abuse of Plaintiff was extreme and outrageous conduct, beyond all possible bounds of decency, atrocious and intolerable in a civilized world.

100. Defendants' aforesaid negligent, grossly negligent, and reckless misconduct endangered Plaintiff's safety and caused Plaintiff to fear for her safety.

101. Defendants knew or disregarded the substantial probability that Hallock would cause

severe emotional distress to minors, including Plaintiff.

102. As a direct and proximate result of Defendants' foregoing misconduct, Plaintiff suffered severe emotional distress including psychological and emotional injury as described above.

103. By the reason of the foregoing, Defendants are liable to Plaintiff for compensatory and punitive damages in an amount in excess of $75,000 to be determined at trial, plus interest and costs.

### EIGHTH CAUSE OF ACTION
### BREACH OF STATUTORY DUTIES TO REPORT

104. Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth.

105. Pursuant to N.Y. Soc. Serv. Law § § 413 and 420, Defendants had a statutory duty to report reasonable suspicion of abuse of children in their care.

106. Defendants breached their statutory duty by knowingly, willfully, and intentionally failing to report reasonable suspicion of sexual abuse by Hallock.

107. As a direct and proximate result of Defendants' foregoing acts and omissions, Plaintiff suffered injury, including the physical and psychological damages as described below.

108. By reason of the foregoing, Defendants are liable to Plaintiff for compensatory and punitive damages in an amount in excess of $75,000 to be determined at trial, plus interest and costs.

### DAMAGES

109. As a direct and proximate result of the foregoing acts and/or omissions of Defendants, Plaintiff suffered the injuries and damages described herein.

    a. Past, present and future conscious pain and suffering;

    b. Past, present and future mental anguish and emotional distress;

c.  Past, present and future medical expenses;

d.  Past, present and future loss of earning capacity;

e.  Compensatory damages;

f.  Punitive damages;

g.  Litigation costs, expenses and reasonable and necessary attorney fees;

h.  Pre-judgment and post-judgment interest pursuant to 28 U.S.C. § 1961 and any other applicable law or statute; and:

i.  Any and all other damages to which Plaintiff may be justly entitled.

## PRAYER FOR RELIEF

**WHEREFORE,** based on the foregoing causes of action, Plaintiff demands judgment against Defendants in an amount to be determined in a trial by jury; for a sum that willfully and fairly compensates Plaintiff for her injuries and conscious pain and suffering, that Plaintiff recovers actual damages; that Plaintiff is entitled to recover compensatory damages; that Plaintiff recovers punitive damages; together with litigation costs, expenses and reasonable and necessary attorneys' fees, pre-judgment and post-judgment interest pursuant to 28 U.S.C. § 1961 and any other applicable law or statute; and any and all other relief to which Plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 4, 2022

                                                      Respectfully submitted,

                                                      Ashley Pileika
                                                      New York Bar No. 974605
                                                      **The Law Office of Darren Wolf, P.C.**

1701 N. Market Street, Suite 210
Dallas, Texas 75202
P: 214-346-5355 | F: 214-346-5909
ashley@darrenwolf.com

Thomas J. Nessler*
Florida Bar No. 1005206
**The Law Offices of Frederick W. Nessler & Associates, PLLC**
1600 West Bay Drive
Largo, Forida 33770
P: 727-333-7093 | F: 217-698-0203
tjnessler@nesslerlaw.com

*Admitted pro hac vice*

*Attorneys for Plaintiff*