IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>GRACE BAPTIST CHURCH,<br><br>Defendant. | 1:21-CV-890 (BKS/DJS) |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S NOTICE OF MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

　　　　This action concerns the repeated acts of child sexual abuse against Plaintiff Jane Doe, in violation of the New York Child Victims Act (L 2019, ch 11) ("CVA"). Plaintiff submits this Memorandum of Law in support of Plaintiff's Motion for Leave to Proceed Anonymously.

　　　　Allowing Plaintiff to proceed anonymously will protect his highly sensitive and personal information that is at the heart of this litigation. There is no prejudice to Defendants in allowing Plaintiff to proceed anonymously, nor is there any significant public interest in the disclosure of the Plaintiff's identity. To the contrary, the public interest in this case compels granting this request to proceed anonymously.

**ARGUMENT**

**I.　　THE SECOND CIRCUIT INSTRUCTS COURTS TO BALANCE THE *SEALED PLAINTIFF* FACTORS WHEN A PLAINTIFF PROCEEDS ANONYMOUSLY.**

　　　　Although Federal Rule of Civil Procedure 10(a) requires a complaint to "include the names of all the parties," the Second Circuit has held courts have discretion to allow plaintiffs to proceed anonymously. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d.Cir. 2008). "When determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest

in disclosure and any prejudice to the defendant." *Id*. at 189. The balancing of interests entails the consideration of ten non-exhaustive factors, though the court has discretion to consider "other factors relevant to the particular case under consideration." *Id.* at 189-190. The ten factors are:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. at 190 (internal citations and quotations omitted).

Here, consideration of the first, second, third, fourth, fifth, seventh, eighth, ninth, and tenth *Sealed Plaintiff* factors support Plaintiff's application for anonymity.

## II. THE *SEALED PLAINTIFF* FACTORS STRONGLY FAVOR PLAINTIFF'S ANONYMITY.

### A. The Involvement of Highly Sensitive and Personal Matters

"[C]ourts have granted anonymity to protect against disclosure of a wide range of issues involving matters of the utmost intimacy, including sexual assault." *Doe. No. 2 v. Kolko,* 242 F.R.D. 193, 196 (EDNY 2006) (listing cases); *see also* 1991 McKinney's Sessions Laws of N.Y. at 2211-2212 ("sexual assault victims have unfortunately had to

endure a terrible invasion of their physical privacy. They have a right to expect that this violation will not be compounded by a further invasion of their privacy"). "[I]t is generally well-accepted that claims involving sexual orientation, pregnancy, or minor children are examples of matters that qualify as being highly sensitive and of a personal nature." *Doe #1 v. Syracuse Univ.*, 18-CV-0496, 2018 WL 7079489, at *3 (N.D.N.Y. Sept. 10, 2018) (Peebles, M.J.), report and recommendation adopted by 2020 WL 2028285 (N.D.N.Y. Apr. 28, 2020) (Sannes, J.).

Here, Plaintiff's claim concern violations of the New York Child Victims Act, those acts include conduct by Defendants that would constitute a sexual offense as defined by, inter alia, New York Penal Law§§ 130.55, 130.80(l)(a), and 130.65(4). Plaintiff is therefore entitled to anonymity to protect against disclosure of the details of her respective sexual assaults, as well as any defenses or smears anticipated related to Jane Doe's sexual or romantic histories, sexual orientation, and/or submission to Defendants' abusive practices.

Because Plaintiff alleges sexually assaultive conduct, including allegations regarding fondling, oral sex, forced sexual touching, and other sexual acts while Plaintiff was a minor, this factor weighs in favor of nondisclosure.

### B. The Risk of Retaliation to Plaintiff and Innocent Non-Parties

Identification of the Plaintiff in this matter may pose a risk of retaliation. *See Sealed Plaintiff,* 537 F.3d at 190. In order to warrant anonymity, the possible retaliatory harm need not be physical in nature. *See Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) ("[t]he risk of injury may be physical or psychological"). Many individuals in Plaintiff's surrounding social and professional communities have ties and strong feelings about their

faith and about Baptist churches like the Defendant church in this case. There is a great risk that Plaintiff will be retaliated against professionally, in her personal life, and in her family life if she were to be revealed as the litigant in this case. Retaliation would not only injure Plaintiff, but also deter potential witnesses from coming forward; thus, this factor weighs in favor on nondisclosure.

### C. Identification Will Present Other Harms

Plaintiff sustained both physical and emotional injuries, including, humiliation, embarrassment, loss of self-esteem, disgrace, guilt, shame, and severe mental anguish and trauma that necessitated psychiatric and medical care and treatment. Disclosure of Plaintiff's identity would subject her to further embarrassment, shame, and emotional harm. *See Doe v. Smith*, 105 F.Supp.2d 40, 45 (EDNY 1999) (considering harm resulting from the plaintiff's own mental condition in granting the plaintiff's motion to proceed anonymously).

Because of the stigma against sexual assault victims, including Jane Doe specifically within Grace Baptist Church, this factor weighs in favor of nondisclosure.

### D. Vulnerability of Plaintiff

In *Advanced Textile Corp.*, the Ninth Circuit ruled in favor of anonymity because plaintiffs were vulnerable to termination of employment, which would result in deportation and possible arrest in their home country. 214 F.3d at 1069.

Here, Plaintiff Jane Doe has already had a loss of earnings and earning capacity for periods of time due to trauma caused by her abuse. Plaintiff is vulnerable to be subject to further career losses and lose suitable future earnings if her name is disclosed. This case, and cases alike, have received notable news coverage across the country, and disclosure of

Plaintiff's name may impact her and her family's safety. Moreover, Plaintiff has suffered a great amount of psychological trauma from the abuse alone, revealing her name would likely cause Plaintiff to suffer more psychological and emotional distress.

Because of the vulnerability of Plaintiff and her family, this factor weighs in favor of nondisclosure.

### *E. Plaintiff is Challenging the Actions of a Private Party*

Actions against private parties ordinarily weigh against anonymity when the defendant is an individual who is concerned about protecting his reputation. *Shakur*, 164 F.R.D. at 361. Here, however, Defendants are not considered "ordinary" private parties when allegations "raise concerns affecting a larger association rather than the interest of an individual plaintiff." *See Kolko*, 242 F.R.D. at 195 (2006). Allegations of abuse for an entity such as Grace Baptist Church is connected to a larger association of widespread clergy abuse across the nation and is not just affecting the single Defendants' reputation. Society has an interest in eradicating the predator practices of clergy against vulnerable children, including the practice of negligently supervising predatory pastors and spiritual leaders in schools and churches.

For these reasons, this factor does not weigh significantly in favor of Defendant, if at all.

### *F. Plaintiff's Confidentiality Thus Far*

As far as Plaintiff is aware, her identity as the litigant in this case has not been made public or disclosed to or by the press. Though Plaintiff has spoken generally about being a survivor of child sex abuse in the past, she has intentionally avoided identifying herself as

the plaintiff in this case, choosing to issue statements through her counsel instead. Therefore, this factor weighs in favor of nondisclosure.

### G. Disclosing Plaintiff's Identity Does Not Further Public Interest

Party anonymity does not obstruct the public's view of the issues raised by this case, or the Court's performance in resolving them. *See Doe v. Stegall,* 653 F.2d 180, 185 (5th Cir. 1981). As indicated above, abuse by clergy has been a widespread practice across the country. Disclosing the name of every individual who was sexually abused as a child furthers no public interest, contrarily it mainly provides opportunity for Plaintiff and similar anonymous plaintiffs to become vulnerable to the harassment and harm mentioned in factor three of the *Sealed Plaintiff* factors. Specifically, in cases regarding sexual abuse of a minor there is psychological and emotion trauma suffered because of the abuse that it would actually be in the public's best interest to protect what little privacy the plaintiff victims have left.

The public's interest in this legal question is not furthered by requiring Plaintiff to disclose her identity. *See Free Speech v. Reno*, Case No. 98 Civ. 2680 MBM, 1999 WL 47310 at *3 (SDNY Feb. 1, 1999) ("because the particular plaintiffs in this constitutional challenge are essentially interchangeable with similarly situated persons, there appears little public interest in which particular persons have actually sued…"). Here, like *Reno,* although not a constitutional issue, the underlying goal stays the same. Plaintiff's identity is immaterial to the legal questions raised, and Plaintiff could be swapped with any similarly situated victim who was sexually abused at the hands of the Defendants.

Because Plaintiff's anonymity would not impair the public's right to view or scrutinize this lawsuit, this factor weighs in favor of nondisclosure.

### *H. There Is Minimal, If Any, Public Interest in Knowing Plaintiff's Identity*

As noted in the previous paragraph, in regard to factor nine there is an atypically weak public interest in knowing litigant's identity when the issues are legal in nature. Moreover, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Kolko*, 242 F.R.D. at 195. Therefore, the overall public interest in revealing Plaintiff's name is atypically weak, thus this factor weighs in favor of nondisclosure.

### *I. Alternative Mechanisms*

The Second Circuit directed district courts to evaluate "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff*, 537 F.3d at 190 (citing *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001)):

> The only justification the defendants offer for stripping Roe of her privacy is the argument that they will not be able to adequately conduct discovery without knowing her true identity. However, that argument is eviscerated by Roe's offer to disclose her name to the defendants for discovery purposes on condition that they do not disclose it to the general public. That is a reasonable way to reconcile the competing interests, and the district court can enter an appropriate protective order. The district court should have granted Roe's motion to proceed anonymously.

Here, Plaintiff will cooperate with the Court and the Defendants—she has already revealed her true identity to Defendants for discovery purposes.

### III.   CONCLUSION

The balancing factors articulated by the Second Circuit weigh in favor of protecting Plaintiff's identity by allowing her to proceed anonymously. For the foregoing reasons, Plaintiff respectfully request that the Court grant her Motion for Leave to Proceed Anonymously.

DATED: February 4, 2022

                                                       Respectfully submitted,

                                                       _____
                                                       Ashley Pileika
                                                       New York Bar No. 974605
                                                       **The Law Office of Darren Wolf, P.C.**
                                                       1701 N. Market Street, Suite 210
                                                       Dallas, Texas 75202
                                                       P: 214-346-5355 | F: 214-346-5909
                                                       ashley@darrenwolf.com

                                                       Thomas J. Nessler*
                                                       Florida Bar No. 1005206
                                                       **The Law Offices of Frederick W. Nessler**
                                                       **& Associates, PLLC**
                                                       1600 West Bay Drive
                                                       Largo, Forida 33770
                                                       P: 727-333-7093 | F: 217-698-0203
                                                       tjnessler@nesslerlaw.com

                                                       *\*Admitted pro hac vice*

                                                       *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2022, I electronically transmitted the attached document to the Clerk's Office using the ECF System for e-filing and transmittal of a Notice of Electronic Filing to the ECF registrants on record in this matter.

                                                       /s/ Ashley M. Pileika
                                                       Ashley M. Pileika