UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JANE DOE,

                Plaintiff,

  -against-                                        Civil Action No.: 1:21-CV-00890
                                                               (BKS/DJS)

GRACE BAPTIST CHURCH,

                Defendant.

**MEMORANDUM OF LAW AS TO ORDER TO SHOW CAUSE CONCERNING SUBJECT MATTER JURISDICTION**

Respectfully submitted,

Brian P. Henchy, Esq. (Bar No. 520571)
NAPIERSKI, VANDENBURGH,
NAPIERSKI & O'CONNOR, LLP
*Attorneys for Defendant, Grace Baptist Church*
296 Washington Avenue Ext. Suite 3
Albany, NY  12203
Phone:  (518) 862-9292

1

**PRELIMINARY STATEMENT**

Defendant Grace Baptist Church by and through its attorneys of record, Napierski, VanDenburgh, Napierski & O'Connor, LLP, submits this Memorandum of Law, concerning subject matter jurisdiction, pursuant to the Order of the Court at Dkt. 36. As set forth herein, Plaintiff has failed to demonstrate subject matter jurisdiction.

**ARGUMENT**

**POINT I.    THERE IS NO SUBJECT MATTER JURISDICTION**

A citizen of the United States (whether or not, also a citizen of a foreign country) who is domiciled outside the United States does not satisfy diversity jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828-29 (1989) (explaining that a U.S. citizen domiciled abroad is " 'stateless' for purposes of § 1332(a)(3)" and yet, "Subsection 1332(a)(2) . . . also could not be satisfied because [the litigant] is a United States citizen.").

Despite Plaintiff's hollow claims to the contrary, there does not appear to be any Circuit split on this issue. Plaintiff cites only to *Aguirre v. Nagel*, 270 F.Supp. 535 (E.D.Mich.1967) an oft-criticized decision that is apparently without any significant progeny or supporters at the Circuit level. The Second Circuit and many others Circuit Courts have expressly adopted a rule that "only the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332". *See, e.g., Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991) *quoting Sadat v. Mertes*, 615 F.2d 1176 (7th Cir.1980). Most importantly, in *Newman-Green*, the Supreme Court of the United States squarely and succinctly addressed dual citizenship relative to alienage jurisdiction and unambiguously treated U.S. nationality as a categorical bar. 490 U.S. at 828-29.

2

Here, Defendant principally maintains that dismissal is warranted for a lack of subject matter jurisdiction.  While Plaintiff's position is not clearly articulated, she relies on diversity jurisdiction.  There is no dispute that Plaintiff is domiciled in Greece and a dual citizen of the United States (since birth) and Greece (since 2016).  As such, Plaintiff is stateless and her U.S. nationality bars alienage jurisdiction.  Accordingly, the Court lacks jurisdiction over this matter.

To the extent Plaintiff does not rely exclusively on argument that simply ignores well-settled precedent requiring dismissal as aforesaid, Plaintiff seems to rely on some theory of subordinating or relinquishing her U.S. citizenship in favor of her Greek nationality.  This position is poorly explained but evidently lacks legal foundation.  Further, the record in support thereof is significantly lacking; Plaintiff very simplistically avers that she is a Greek citizen, is married to a Greek citizen, registered her marriage in Greece and is domiciled in Greece.  Her affidavit lacks basic detail concerning these events and related circumstances (e.g., motivations for moving to Greece, relevance of the nationality of her spouse, etc.).  In fact, in at least one significant instance, Plaintiff withholds information relevant to her position (as its perceived)—to wit, before registering her marriage in Greece, upon information and belief, Plaintiff obtained a marriage license from the State of New York after participating in a ceremony within the State (whether this is clear from the face of the un-translated foreign-language document is not clear).

Clearly, the record before the Court is insufficient to support subject matter jurisdiction.  Still, Defendant submits that consideration of complete diversity necessarily implicates the questions of personal jurisdiction, raised in motions pending before the

3

Court, insofar as the identity of the intended defendant is a threshold question that must be resolved before diversity can be assessed.

Accordingly, the Complaint should be dismissed for lack of subject matter jurisdiction.

**POINT II.    REGARDLESS OF THE PROSPECTIVE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION, DEFENDANT PRAYS THE COUR CONSIDERS THE ISSUES OF PERSONAL JURISDICTION AND ANONYMITY RAISED IN PENDING MOTIONS**

It is respectfully submitted that, dismissal for lack of jurisdiction over this case would not divest the Court of authority to resolve objections concerning personal jurisdiction or Plaintiff's anonymity and that the same would not be rendered academic given the circumstances.  Cognizant that the Court is well-briefed and aware of such issues, Defendant refers to the filings for the pending motions.  *See e.g.*, Dkt. 20-1; *see also* Dkt. 33.  Otherwise, as set forth below, the questions raised therein remain important and should be resolved regardless of whether litigation would continue in some form or another.

As to the issues of personal jurisdiction: Plaintiff levied serious accusations of passive wrongdoing concerning inflammatory and emotionally-charged subject matter, sloppily describing the intended-defendant in less than precise terms.  Consequently, the persons, associations of persons, entities and religious institutions mentioned in this litigation as conceivable subjects of the suit have an interest in the identity of the actual defendant being clarified as a matter of public record.  Dismissal on purely subject-matter-jurisdiction grounds in the absence of any such findings would also be unjust and unfair given the considerable time and expense devoted to this issue and the still-to-come

4

consequences collateral to dismissal in that fashion. Also, such findings would greatly benefit public interest in transparency, which would be utterly meaningless if the docket persists in perpetuity with a confusing and uncertain description of the intended party without resolution. This is especially true where Plaintiff purports to hide behind a veil of secrecy. For these reasons, Defendant respectfully prays that the Court consider the personal jurisdiction objections regardless of prospective dismissal for lack of subject matter jurisdiction.

As to the issue of Plaintiff's anonymity: With a full and fair opportunity, Plaintiff has wholly and completely failed to adduce any competent evidence whatsoever in support of her claim to anonymity. She should not be saved from an unfavorable determination on this issue due to dismissal on other grounds. Further, while Plaintiff already divulged her identity in various forums there remains the possibility of misidentifying the Plaintiff that can only be mitigated some by denying Plaintiff this rare privilege. For the sake of brevity, Defendant otherwise incorporates its arguments in the pending motions concerning why disclosure of Plaintiff's identity is important. Defendant further submits that such arguments and the underlying policy reasons are not abated by termination of this action—the docket and public knowledge of this action continues in the public sphere. For those reasons, Defendant respectfully prays that the Court consider the anonymity objections regardless of prospective dismissal for lack of subject matter jurisdiction.

## **CONCLUSION**

Based upon the foregoing, Defendant respectfully requests that this Action be dismissed for lack of subject matter jurisdiction; together with such other and further relief as the Court may deem just and proper.

DATED:   April 29, 2022                    Respectfully submitted,

                                        NAPIERSKI, VANDENBURGH,
                                        NAPIERSKI & O'CONNOR, LLP

                                        By: _____
                                              BRIAN P. HENCHY
                                        Bar Roll No.: 520571
                                        *Attorneys for Defendant, Grace Baptist Church*
                                        296 Washington Avenue Ext., Suite 3
                                        Albany, NY  12203
                                        Telephone:  (518) 862-9292
                                        Facsimile:  (518) 862-1519
                                        E-Mail:  **bph@nvnolaw.com**

TO:   **VIA CM/ECF**
       FORESTER HAYNIE PLLC
       Ashley Pileika, Esq. (New York Bar Roll No. 974605)
       *Attorneys for Plaintiff*
       400 North Saint Paul St., Suite 700
       Dallas, TX  75201
       E-Mail: apileika@foresterhaynie.com

       THE LAW OFFICES OF FREDERICK W. NESSLER & ASSOCIATES, PLLC
       Thomas J. Nessler, Esq. (Florida Bar Roll No. 1005206)
       *Pro Hac Vice Attorney for Plaintiff*
       1600 West Bay Drive
       Largo, FL  33770
       E-Mail: tjnessler@nesslerlaw.com