**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JANE DOE,

                          Plaintiff,                  1:21-cv-890 (BKS/DJS)

v.

GRACE BAPTIST CHURCH,

                          Defendant.

---

**Appearances:**

*For Plaintiff:*
Ashley Pileika
The Law Office of Darren Wolf, P.C.
1701 N. Market Street, Suite 210
Dallas, TX 75202

Thomas J. Nessler
The Law Offices of Frederick W. Nessler & Associates, PLLC
1600 West Bay Drive
Largo, FL 33770

*For Defendant:*
Brian P. Henchy
Diane Lufkin Schilling
John W. VanDenburgh
Napierski, VanDenburgh, Napierski & O'Connor, LLP
296 Washington Avenue Extension, Suite 3
Albany, NY 12203

**Hon. Brenda K. Sannes, United States District Judge:**

**ORDER**

## I.     SUBJECT MATTER JURISDICTION

Plaintiff Jane Doe filed this action alleging various claims under New York law against

Defendant Grace Baptist Church. (Dkt. No. 1). Plaintiff asserts that this Court has subject matter

jurisdiction under the diversity jurisdiction statute, 28 U.S.C. § 1332, which grants federal

district courts original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between, as relevant here, (1) "citizens of different States" or (2) "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1), (a)(2). In the complaint, Plaintiff alleges that the requirements of 28 U.S.C. § 1332 are satisfied because Plaintiff "is a resident of Hellenic Republic of Greece," Defendant's "principal place of business is in the State of New York," and the jurisdictional amount is met. (Dkt. No. 1, ¶ 9; *see also id.* ¶ 6 (alleging that Plaintiff resided in the State of New York at the time of the conduct underlying Plaintiff's claims but that she "currently resides in the Hellenic Republic of Greece")).

Because Plaintiff alleged her residence, as opposed to her citizenship, the Court issued an order to show cause directing Plaintiff to identify her citizenship so the Court may determine whether it has subject matter jurisdiction. (Dkt. No. 36). Plaintiff responded to the Court's order on April 15, 2022, clarifying that she is a dual citizen of both the United States and the Hellenic Republic of Greece. (*See* Dkt. Nos. 37, 38). Plaintiff obtained her dual citizenship in 2016. (Dkt. No. 38, ¶ 3). Plaintiff asserts that she "has married a Greek Citizen, recorded her marriage in Greece, has resided in Greece since 2017, and [] intends to reside indefinitely in Greece and exercise her citizenship in Greece." (Dkt. No. 37, at 2). Defendant responded to Plaintiff's submission, arguing that Plaintiff's U.S. citizenship deprives the Court of subject matter jurisdiction. (Dkt. No. 39). The Court agrees.

The Court does not have subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a)(2). "In matters of diversity jurisdiction American citizenship will determine diversity." *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991) (noting that "only the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a)"). The "rationale" for this rule is that the "dual citizen should not be allowed to invoke alienage

jurisdiction because this would give [her] an advantage not enjoyed by native-born American citizens." *Fuerst v. Fuerst*, 832 F. Supp. 2d 210, 217 (E.D.N.Y. 2011) (citation omitted). Because the Court must recognize Plaintiff's U.S. citizenship for purposes of diversity jurisdiction, and not her Greek citizenship, Plaintiff is not a "citizen[] or subject[] of a foreign state," precluding subject matter jurisdiction under 28 U.S.C. § 1332(a)(2). *Cf. Lemos v. Pateras*, 5 F. Supp. 2d 164, 165 (S.D.N.Y. 1998) (dismissing for lack of subject matter jurisdiction where the defendant was a dual citizen of both Greece and the United States and a domiciliary of the United Kingdom); *see also Lehman Gov't Sec. v. Pickholz*, No. 95-cv-7744, 1996 WL 447995, at *2, 1996 U.S. Dist. LEXIS 11290, at *4–5 (S.D.N.Y. Aug. 8, 1996) (finding no subject matter jurisdiction where defendant was a dual citizen of the United States and Israel). Because Plaintiff has not relinquished her U.S. citizenship, her intent to "exercise her citizenship in Greece" is immaterial. Although Plaintiff suggests "there is a split among the Circuit Courts" on the effect of dual citizenship on the federal courts' subject matter jurisdiction, (Dkt. No. 37, at 1 (citing *Aguirre v. Nagel*, 270 F. Supp. 535, 536 (E.D. Mich. 1967))), the Court must follow clear Second Circuit precedent that Plaintiff's U.S. citizenship is determinative, *Action S.A.*, 951 F.2d at 507.

Nor does the Court have subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). United States citizens "domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990)). Accordingly, Section 1332(a) "does not provide that the courts have jurisdiction over a suit to which such persons are parties." *Id.* Therefore, the Court must dismiss this matter for lack of subject matter jurisdiction.

## II.    MOTION TO PROCEED ANONYMOUSLY

Defendant requests that, even though the matter must be dismissed for lack of subject matter jurisdiction, the Court nonetheless "resolve objections concerning personal jurisdiction [and] Plaintiff's anonymity." (Dkt. No. 39, at 4–5). Defendant has not provided any authority to support its argument that a dismissal for lack of subject matter jurisdiction does "not divest the Court of authority to resolve" these issues and that the issues would not be "rendered academic." (*Id.* at 4). The Court sees no reason to rule on whether it has personal jurisdiction over Defendant and declines to do so. *See Al-Ahmed v. Twitter, Inc.*, 553 F. Supp. 3d 118, 123–24 (S.D.N.Y. 2021) (noting that, where a defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and on other grounds, "the Court usually must consider the Rule 12(b)(1) motion first").

Plaintiff's pending motion to proceed by pseudonym, however, concerns the form of the complaint filed in this action. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). The Court has not found any caselaw specifically addressing its authority, absent subject matter jurisdiction, to decide the pseudonym issue. However, orders on collateral issues "implicate[] no constitutional concern" because they do not "signify a district court's assessment of the legal merits of the complaint" and therefore do not "raise the issue of a district court adjudicating the merits of a 'case or controversy' over which it lacks jurisdiction." *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992) (holding that the imposition of Rule 11 sanctions remained valid despite determination that court lacked subject matter jurisdiction); *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139–40 (2d Cir. 2004) (holding that dismissal of case does not divest a court of jurisdiction "to dispose of material in its files" or to "modify or vacate its own protective orders"). Assuming the Court does have jurisdiction to rule on

Plaintiff's motion as a collateral matter of compliance with the Federal Rules of Civil Procedure, the Court concludes that Plaintiff may remain anonymous on the docket.

Courts have recognized limited exceptions to the "general requirement of disclosure" of the names of parties "which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008) (citation omitted). The decision whether to permit a party to proceed using a pseudonym "is entrusted to the sound discretion of the court." *Doe #1 v. Syracuse Univ.*, No. 18-cv-496, 2018 WL 7079489, at *3, 2018 U.S. Dist. LEXIS 154899, at *7 (N.D.N.Y. Sept. 10, 2018), *report-recommendation adopted by* 2020 WL 2028285, 2020 U.S. Dist. LEXIS 74233 (N.D.N.Y. Apr. 28, 2020). In making this determination, "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189; *see id.* at 189–90 (setting forth a list of non-exhaustive factors relevant to this determination).

Here, having considered the *Sealed Plaintiff* factors, the Court concludes that Plaintiff's interest in anonymity outweighs the public interest in disclosure and any prejudice to Defendant. First, there is an "atypically weak public interest" in knowing Plaintiff's identity in this lawsuit. *Id.* at 190. The Court has made no substantive rulings and lacks subject matter jurisdiction to decide this case. Second, the Court concludes that Defendant will not be prejudiced if Plaintiff is permitted to remain anonymous in this case. Although Defendant argued that Plaintiff's identity and relationship with Defendant "is of huge significance to this case," (Dkt. No. 33, at 25–26), the Court will not be addressing any substantive matters which implicate Plaintiff's identity or relationship with Defendant. Finally, Plaintiff has an interest in anonymity because her allegations involve highly sensitive matters, including sexual abuse against a minor. *See, e.g.*, *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (noting that "courts have granted

anonymity to protect against disclosure of a wide range of issues involving matters of the utmost intimacy, including sexual assault" and collecting cases).

The Court therefore grants Plaintiff's motion to proceed anonymously. (Dkt. No. 28-4).

**III.   CONCLUSION**

For these reasons, it is hereby

**ORDERED** that this matter is **DISMISSED without prejudice** for lack of subject matter jurisdiction; and it is further

**ORDERED** that Plaintiff's motion to proceed anonymously (Dkt. No. 28-4) is **GRANTED**; and it is further

**ORDERED** that all other pending motions (Dkt. Nos. 18, 20, 22, 28) are **terminated as moot**, and the Court Clerk is respectfully requested to close this case.

**IT IS SO ORDERED.**

Dated: May 11, 2022
        Syracuse, New York

Brenda K. Sannes
U.S. District Judge